NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0194n.06

No. 25-5505

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 29, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| RICKY HOUSE, | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

OPINION

Before: STRANCH, BLOOMEKATZ, and HERMANDORFER, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Ricky House pleaded guilty to being a felon in possession of a firearm and was sentenced to a below-Guidelines prison term of 96 months. For the first time on appeal, he argues that the district court erroneously applied the large-capacity-magazine enhancement to him in calculating his base offense level and that the district court failed to adequately address his policy argument regarding that same enhancement at sentencing. Because any error in the Guidelines range calculation was invited and no manifest injustice would result from failing to review his challenge, we reject his first argument. And because the district court considered and addressed his policy argument, we reject his second one, too, and affirm his sentence.

**BACKGROUND**

In June 2022, Ricky House requested a refund from two gas station employees. When they told him he would need to wait for a manager, House threatened them with a firearm. One employee pulled his own firearm while the other attempted to disarm House. During the altercation

that ensued, both House and the employee fired their weapons. While none of the bullets from House's weapon struck anyone, the employee's bullets struck House four times. Police identified a pistol "with an extended magazine" located on the scene as the one House brandished and fired. PSR, R. 69, PageID 163.

House was indicted for being a felon in possession of a firearm and pleaded guilty. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8). House's presentence report (PSR) calculated a base offense level of 26 because the semiautomatic firearm he possessed was "capable of accepting a large capacity magazine" and he had previously sustained at least two felony convictions. U.S.S.G. § 2K2.1(a)(1). Based on adjustments for discharging the firearm in public and acceptance of responsibility, his offense level was elevated by one, to 27. *See id.* §§ 2K2.1(b)(6)(B), 3E1.1(b). This offense level, combined with his criminal history category of VI, yielded a Guidelines range of 130 to 162 months' imprisonment. But, because the statutory maximum was 120 months, House's final Guidelines range was 120 months. *See* 18 U.S.C. § 924(a)(2).

House raised only one objection to the Guidelines calculations in his PSR, an issue not before us on appeal. And in his sentencing memo, he requested a downward variance in part because of a policy objection to the large-capacity-magazine enhancement. In doing so, House twice noted that he "barely qualifie[d]" for the enhancement because his firearm was a "15 + 1" weapon. House Sent'g Mem., R. 63, PageID 131, 132, 135. On appeal, House explains that a "15 + 1" weapon means that 15 rounds fit in the magazine and one additional round fits in the chamber. That means the extended magazine itself does not hold "more than 15" rounds so the enhancement does not apply. U.S.S.G. § 2K2.1(a)(1) cmt n.2. But House did not make that argument to the district court. Instead, he told the court that the weapon did qualify for the enhancement, albeit "barely." House Sent'g Mem., R. 63, 132, 135.

At the sentencing hearing, the district court explained that while House's counsel was "not thrilled about" House's base offense level calculation, "she doesn't dispute" the base offense level based on the large-capacity-magazine enhancement. Sent'g Hr'g Tr., R. 71, PageID 245. So the court adopted the PSR's calculation and set House's Guidelines range at 120 months, in accordance with the statutory maximum. When asked if there were any objections to the Guidelines range, House's counsel said no. In discussing House's motion for a downward variance, defense counsel told the court that "the gun that he had was a 15 plus 1. Like, you could have one in the chamber . . . . But that is clearly at the very bottom of the spectrum [for the enhancement]." *Id.* at PageID 255. After describing all the relevant factors, which "cut both ways," *id.* at PageID 261, the court sentenced House to 96 months in prison. In concluding the hearing, the court asked if either party had any further objections, and both parties said no.

House timely appealed.

## ANALYSIS

House raises two procedural reasonableness challenges to his below-Guidelines sentence. *First*, he argues that the district court wrongly calculated his base offense level by misapplying the large-capacity-magazine enhancement. *Second*, he argues the district court failed to address his policy arguments regarding the large-capacity-magazine enhancement. We address each argument in turn.

We ordinarily review procedural reasonableness challenges for abuse of discretion. *United States v. Adams*, 124 F.4th 432, 438 (6th Cir. 2024). But when a party fails to object at sentencing, we review for plain error. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). And when a party invites the error by "contribut[ing] in some way to the district court's error without intentionally relinquishing [their] rights," we review only "when the interests of justice demand

it." *United States v. Montgomery*, 998 F.3d 693, 698–99 (6th Cir. 2021) (citation modified). We have also described this standard as requiring "manifest injustice." *United States v. Woods*, 61 F.4th 471, 481 (6th Cir. 2023) (quoting *United States v. Demmler*, 655 F.3d 451, 458 (6th Cir. 2011)).

With respect to the application of the large-capacity-magazine enhancement, any error by the district court was invited. The enhancement applies to firearm offenses involving magazines that can "accept more than 15 rounds of ammunition." U.S.S.G. § 2K2.1(a)(1) cmt n.2. House agreed that this enhancement applied at multiple stages of the sentencing process: His sentencing memorandum twice stated that he "barely qualifie[d]" for its application, House Sent'g Mem., R. 63, PageID 132, 135, and at sentencing his counsel stated his firearm existed at the "bottom of the spectrum" for the enhancement, Sent'g Hr'g Tr., R. 71, PageID 255. Barely qualifying for an enhancement—even at the bottom of the spectrum—is still qualifying. And when a defendant "tell[s] the district court in [their] briefing" that a Guidelines calculation is correct, they "invite[] the district court to reach" that arguably erroneous conclusion. *Montgomery*, 998 F.3d at 699; *see Woods*, 61 F.4th at 482. Moreover, House does not even contest the government's contention that invited error applies.[1]

Here, no "manifest injustice" requires us to review House's claim. *Woods*, 61 F.4th at 481 (quoting *Demmler*, 655 F.3d at 458). This is not the type of error which would "requir[e] [House] to linger longer in prison." *Montgomery*, 998 F.3d at 700. Without the large-capacity-magazine

---

[1] Although House argued for a different standard of review in his opening brief, he does not respond to the government's contention that he invited this error based on representations made to the district court at sentencing. Nor does he argue that he satisfies the "manifest injustice" standard for invited errors. That's because he filed no reply brief at all. Though not required by the Rules, reply briefs are critical to inform the court if a defendant disagrees with the government's argument or if (and why) the defendant believes it can satisfy the government's standard of review.

enhancement, House's base offense level would have been 24, U.S.S.G. § 2K2.1(a)(2), and his total offense level would have been 25. This would have yielded a Guidelines range of 110–137 months (110–120 months after accounting for the statutory maximum). U.S.S.G. § 5G1.1(c)(1). The low end of that range is still 14 months higher than the sentence the district court imposed.

Moreover, the factual record in this case makes it unclear whether there was any error at all. While House identified his weapon as a "15 + 1" gun in his sentencing memorandum, this assertion is only substantiated by a link to purchase the same model gun from a sports store. House Sent'g Mem., R. 63, PageID 131–32. He presented no further evidence that his firearm had not been modified, for example. Instead, he did not object to the PSR's characterization of his weapon as one "with an extended magazine," PSR, R. 69, PageID 163, or its conclusion that his gun was "capable of accepting a large capacity magazine," as defined by the Guidelines, *id.* at PageID 165 (citing U.S.S.G. § 2K2.1(a)(1)). Given that House received a below-Guidelines sentence, even under the range House now advocates for, and that it is not clear on this record that the district court erred, we decline to relieve him of any consequences of his invited error.

House also contends the district court failed to properly consider his policy-based request to minimize the large-capacity-magazine enhancement. In his sentencing memorandum, House argued that the large-capacity-magazine enhancement was outdated and bad policy because such weapons are available to purchase off the shelf and because the Sentencing Commission's decision to harshly punish possession of such weapons was arbitrary. Because House failed to object to the district court's explanation for its sentence when it solicited objections at the end of the hearing, we review for plain error. *Bostic*, 371 F.3d at 872–73.

We agree with House that when a district court rejects an argument in favor of a downward variance, it must explain on the record why it did so. *See United States v. Richardson*, 437 F.3d

550, 554 (6th Cir. 2006). But district courts enjoy discretion to decide just "how much of an explanation of the sentence is required." *United States v. Jeross*, 521 F.3d 562, 582–83 (6th Cir. 2008). Here, while the district court did not make any explicit reference to House's policy argument, it did explain that it "underst[ood] the arguments for" why the base offense level was too high and agreed that the offense level was "kind of high for the reasons [House's counsel] suggests." Sent'g Hr'g Tr., R. 71, PageID 258–59. It later noted that the fact that "the guideline range certainly doesn't start out low, [and] the government wasn't cheated on the guideline range . . . cut[s] in favor of Mr. House." *Id.* at PageID 261. The court subsequently sentenced House to a prison term below the Guidelines range by two years—and 14 months below the lowest end of what the Guidelines range would have been if the enhancement did not apply at all. Given this record, we credit the court with considering House's policy argument and taking it into account when fashioning its below-Guidelines sentence. Thus, we find no error, let alone a plain one.

## CONCLUSION

We affirm House's sentence.